UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Briana Wright

   v.          Civil No. 20-cv-609-LM
               Opinion No. 2021 DNH 078 P

Southern New Hampshire University

## O R D E R

Plaintiff Briana Wright brings this putative class action on her own behalf and on behalf of a proposed class of students and former students of defendant Southern New Hampshire University ("SNHU") who paid tuition and fees for in-person educational services during SNHU's spring 2020 semester. Wright alleges that in spring 2020 the per-semester cost in tuition and fees for in-person educational services at SNHU (the "campus experience" option) was approximately $17,500, whereas the per-semester cost to students who elected to attend SNHU classes remotely (the "online experience" option) was $960 per course, or $4,800 for a full load of five courses. It is undisputed that, because of the global COVID-19 pandemic, SNHU canceled all of its in-person classes from March 11, 2020, through the end of its spring 2020 semester, without refunding or abating the tuition or fees paid by students who chose the campus experience option. Plaintiff alleges that students who contracted and paid for SNHU's campus experience received educational services during approximately half of the spring 2020 semester that were identical to those received by students who paid lesser amounts for SNHU's

online experience.  Plaintiff asserts claims for breach of contract, unjust enrichment, and conversion under New Hampshire common law.

The parties report that they have reached a negotiated settlement of their dispute.  Now before the court is plaintiff's assented-to motion (doc. no. 30) for preliminary approval of the parties' proposed class action settlement.  The court has carefully reviewed the parties' proposed Class Action Settlement Agreement (the "Agreement") and its supporting exhibits.  For the following reasons, the court: (1) grants plaintiff's motion, (2) preliminarily certifies the proposed class for settlement purposes, (3) provisionally appoints plaintiff's counsel of record as settlement class counsel and plaintiff as settlement class representative, (4) preliminarily approves the proposed settlement agreement, (5) directs class counsel to cause the appointed settlement administrator to provide notice to all class members in accordance with the notice provisions of the Agreement, and (6) sets a briefing schedule and date for a fairness hearing at which class members may appear to support or object to the proposed settlement before the court considers whether to grant final approval of the parties' agreement.

## DISCUSSION

I.   <u>Court Approval of Class Action Settlements</u>

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  Court approval

2

of a proposed class action settlement proceeds in two stages.  See Rapuano v. Trs. of Dartmouth Coll., 334 F.R.D. 637, 642 (D.N.H. Jan. 29, 2020); see also 4 William B. Rubenstein, Newberg on Class Actions § 13.10 (5th ed. 2019).  At the first stage, the court must determine whether it "will likely be able to" both: (1) certify the class for settlement purposes and (2) find that the settlement is fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(1)(B).

Rule 23(e) was amended in 2018 to provide guidance regarding the standard governing preliminary approval of proposed class action settlements.  See Rapuano, 334 F.R.D. at 642-643.  The court recently analyzed the impact of the 2018 amendment in connection with preliminary approval of a proposed class action settlement resolving the Title IX hostile education environment claims of a putative class of female students against the Trustees of Dartmouth College.  See id.  There, the court determined that, in the interests of judicial efficiency and to avoid providing notice to class members regarding a potentially unfair, flawed or inadequate settlement proposal, the court must conduct a "searching," "careful," and "rigorous" inquiry at the preliminary approval stage.  Id. at 643; see also Fed. R. Civ. P. Rule 23(e), Adv. Commt. Notes, 2018 Amend. ("The decision to give notice of a proposed settlement to the class is an important event.  It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object.").  The court's determination is nevertheless "preliminary in the sense that it is subject to modification based on additional information—including further factual

development or objections by class members—that may come to light prior to or during the fairness hearing." Rapuano, 334 F.R.D. at 643 (citing Cotter v. Lyft, Inc., 193 F. Supp. 3d 1030, 1036 (N.D. Cal. 2016); Rubenstein, supra, § 13.18).

If the court is satisfied as to both inquiries, it directs the parties to provide notice of the proposed settlement agreement "to all class members who would be bound" by it. Fed. R. Civ. P. 23(e)(1)(B). After notice to the class, the court holds a fairness hearing at which class members may appear to support or object to the proposed settlement. See Rubenstein, supra, § 13.10.

At the second stage of the inquiry, the court must decide whether to grant final approval of the proposed settlement. See id. Under Rule 23(e)(2), the court may grant final approval of a class action settlement if it can certify the proposed class, see Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 621 (1997), and if it finds that the proposed agreement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The First Circuit has recognized as an "important concern" the policy to encourage and facilitate class action settlements where appropriate under Rule 23(e). Howe v. Townsend, 588 F.3d 24, 36 (1st Cir. 2009) (citing Durrett v. Hous. Auth., 896 F.2d 600, 604 (1st Cir. 1990)).

This case is at the preliminary approval stage of the Rule 23(e) inquiry.

II. Preliminary Certification of the Proposed Class for Settlement Purposes and Preliminary Appointment of Class Counsel and Class Representative

To obtain certification of a class—whether for settlement or litigation purposes—the court must find that all four prerequisites set forth at Federal Rule of

Civil Procedure 23(a) are met.  See Amchem, 521 U.S. at 620-621.  These are:
(1) numerosity; (2) commonality; (3) typicality; and (4) adequacy.  See Fed. R. Civ. P.
23(a); Amchem, 521 U.S. at 613.  In addition to those threshold requirements, a
party seeking certification must also show that the action falls into one of the
categories outlined in Rule 23(b).  See id. at 614.  Here, plaintiff seeks certification
under Rule 23(b)(3).  To qualify for certification under Rule 23(b)(3), the party
seeking certification must show that common questions of law or fact "predominate
over any questions affecting only individual members" and that class resolution is
"superior to other available methods for fairly and efficiently adjudicating the
controversy."  Fed. R. Civ. P. 23(b)(3); see also Amchem, 521 U.S. at 615.

    Although these requirements apply to both settlement and litigation class
certifications, courts apply them differently depending on the purpose of
certification.  See Amchem, 521 U.S. at 619-21; see also In re Hyundai & Kia Fuel
Econ. Litig., 926 F.3d 539, 556 (9th Cir. 2019); Fed. R. Civ. P. 23(e)(1), Adv. Commt.
Notes, 2018 Amend.  Specifically, when considering whether to certify a class for the
sole purpose of settlement, the court "need not inquire whether the case, if tried,
would present intractable management problems."  Amchem, 521 U.S. at 620; see
also Rapuano, 334 F.R.D. at 643-644.  However, other Rule 23 requirements—for
example, those preventing overbroad class definitions—deserve "undiluted, even
heightened attention" in the settlement context.  Amchem, 521 U.S. at 620.  Thus, a
district court should apply some Rule 23 requirements more leniently and others

more vigorously when it is certifying a class for the purposes of settlement only.  See

id. at 619-621; see also In re Hyundai, 926 F.3d at 556-557.

Here, plaintiff seeks preliminary certification of the following class for

purposes of settlement:

> All students and former students [of defendant Southern New
> Hampshire University] who paid, or on whose behalf payment was
> made to [defendant in connection with its] Spring 2020 Semester for
> tuition and fees for in-person educational services, and whose tuition
> and fees have not been refunded.

Agreement (doc. no. 30-3), ¶ 1.29.  Expressly excluded from the proposed class are:

> (1) any Judge or Magistrate presiding over this Action and members of
> their families; (2) the Defendant, Defendant's subsidiaries, parent
> companies, successors, predecessors, and any entity in which the
> Defendant or its parents have a controlling interest and their current
> or former officers, directors, agents, attorneys, and employees;
> (3) persons who properly execute and file a timely request for exclusion
> from the class; and (4) the legal representatives, successors or assigns
> of any such excluded persons.

Id.[1]

The court addresses the Rule 23(a) and 23(b)(3) requirements below.

---

[1] The court is not aware that any judge or magistrate judge who currently presides or has previously presided over this action has any family member falling within the proposed class definition.  Moreover, in the event any presiding judge or such a judge's family member were a member or potential member of the class, the court notes that the appropriate remedy would be that judge's recusal rather than exclusion of the class member.

A.      The Rule 23(a) Threshold Requirements

1.      Numerosity

Rule 23(a)(1) requires that the putative class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  "No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."  Clough v. Revenue Frontier, LLC, No. 17-CV-411-PB, 2019 WL 2527300, at *3 (D.N.H. June 19, 2019) (quoting Garcia-Rubiera v. Calderon, 570 F.3d 443, 460 (1st Cir. 2009)).  Here, the record establishes that the settlement class consists of more than 2,800 current and former SNHU students. See doc. no. 30-2, ¶ 9.  The size of the proposed class is more than sufficient to satisfy the numerosity requirement.

2.      Commonality

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  Commonality is a "low bar," and complete commonality of questions among the putative class members is not required.  In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 19 (1st Cir. 2008). Courts generally afford Rule 23(a)(2) a "permissive application."  Id. (quoting 7A Charles A. Wright et al., Federal Practice and Procedure § 1763 (3d ed. 2005)).  To establish commonality, a plaintiff must show that all putative class members "have suffered the same injury."  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011)

(citation, internal quotation marks omitted).[2]  This means that the putative class members' "claims must depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  Id.

The "low bar" of commonality is easily cleared here.  There is no dispute that SNHU canceled its in-person spring 2020 semester classes for all class members, and neither refunded nor abated any class members' tuition or fees.  Moreover, pursuant to the Agreement, each class member's share of the settlement proceeds will be calculated according to the same formula.  See Agreement (doc. no. 30-3), ¶ 2.1.  These common issues, if not disputed before final approval of the parties' proposed agreement, will be sufficient to satisfy the requirements of Rule 23(a)(2).

3.    Typicality

The third threshold requirement of Rule 23(a)—typicality—requires the class representative to show that her claims are typical of the absent class members' claims.  Fed. R. Civ. P. 23(a)(3).  To be typical, the representative's claims must "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and [be] based on the same legal theory."  Garcia-

_____

[2]  This "same injury" test "can be satisfied by an instance of the defendant's injurious conduct, even when the resulting injurious effects—the damages—are diverse."  In re Deepwater Horizon, 739 F.3d 790, 810-11 (5th Cir. 2014); see also Parsons v. Ryan, 754 F.3d 657, 678 (9th Cir. 2014).

Rubiera, 570 F.3d at 460 (internal quotation marks, brackets, and ellipsis omitted);

see also Gen. Tel. Co. of the SW. v. Falcon, 457 U.S. 147, 156 (1982) (observing that

"a class representative must be part of the class and possess the same interest and

suffer the same injury as the class members") (citation, internal quotation marks

omitted).  The representative plaintiff's claims and those of absent class members

need not be identical; they need only "share the same essential characteristics."

Rapuano, 334 F.R.D. at 648 (quoting Ouadani v. Dynamex Operations E., LLC, 405

F. Supp. 3d 149, 162 (D. Mass. 2019)).

Plaintiff Wright's experience is likely typical of the putative class in its

essential characteristics.  According to the allegations of the Amended Complaint,

plaintiff (like the absent class members) elected to pay a substantial premium for

SNHU's campus experience rather than pay a lower rate for its online experience.

See doc. no. 13, ¶¶ 5-8.  SNHU canceled its campus experience for plaintiff and the

absent class members alike, without refund or abatement of tuition or fees.  See id.,

¶¶ 12-17, 47.  Nothing in the record suggests that plaintiff's experience is different

in any material respect from that of the putative class members in general.  The

court will likely be able to find that plaintiff meets the typicality requirement.


4.    Adequacy

The last of the Rule 23(a) threshold requirements is adequacy, which requires

that the class representative will "fairly and adequately protect the interests of the

class."  Fed. R. Civ. P. 23(a)(4).  To satisfy the adequacy requirement, petitioner

must show "first that the interests of the representative party will not conflict with the interests of any of the class members, and second, that counsel chosen by the representative party is qualified, experienced, and able to vigorously conduct the proposed litigation." Andrews v. Bechtel Power Corp., 780 F.2d 124, 130 (1st Cir. 1985).

Nothing in the record before the court suggests any conflict of interest between plaintiff and the absent class members. Plaintiff has spent significant time assisting her attorneys in litigating this matter, "providing information regarding SNHU's policies and practices, providing pertinent documents, and assisting in settlement negotiations." Doc. no. 30-2, ¶ 16. Similarly, nothing in the record calls into question her attorneys' qualifications, experience, or capacity to implement the proposed settlement. To the contrary, plaintiff's counsel has frequently served as class counsel in cases of comparable complexity. See id., ¶ 11. The court will likely be able to find that plaintiff and her chosen counsel meet the adequacy requirements of Rule 23(a)(4).

B.    Rule 23(b)(3)

As noted, plaintiff seeks certification of the proposed class under Rule 23(b)(3). A class may be certified under Rule 23(b)(3) if the party seeking certification can demonstrate both the predominance of common issues over individual issues and the superiority of resolving the dispute via a class action. See

Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3) sets forth a non-exhaustive list of factors the

court should consider in making its "predominance" and "superiority" assessments:

> (A)   the class members' interests in individually controlling the
>        prosecution or defense of separate actions;
>
> (B)   the extent and nature of any litigation concerning the
>        controversy already begun by or against class members;
>
> (C)   the desirability or undesirability of concentrating the litigation
>        of the claims in the particular forum; and
>
> (D)   the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Because the court is considering certification for the

purposes of settlement only, it need not consider the final factor (the

"manageability" of the class action).  Amchem, 521 U.S. at 620.


### 1.   Predominance

The predominance inquiry requires the court to examine "the relation

between common and individual questions in a case."  Tyson Foods, Inc. v.

Bouaphakeo, 577 U.S. 442, 453 (2016).  An individual question is one requiring

"members of a proposed class . . . to present evidence that varies from member to

member."  Id. (citation and internal quotation marks omitted).  By contrast, a

common question is one where "the same evidence will suffice for each member to

make a prima facie showing or [where] the issue is susceptible to generalized, class-

wide proof."  Id. (citation, internal quotation marks, and brackets omitted).  "When

one or more of the central issues in the action are common to the class and can be

said to predominate," the action may be certified under Rule 23(b)(3),

notwithstanding that other important matters, such as damages, may require individual determination. Id. (citation and internal quotation marks omitted). On the other hand, if individualized questions appear to outweigh common questions, certification is not appropriate. See In re Nexium Antitrust Litig., 777 F.3d 9, 21 (1st Cir. 2015). Although Rule 23(b)(3) requires common issues to predominate, it "does not require a plaintiff seeking class certification to prove that each element of her claim is susceptible of classwide proof." Id. (quoting Amgen Inc. v. Conn. Ret. Plans and Tr. Funds, 568 U.S. 455, 469 (2013)).

To assess whether common questions predominate, the court begins by examining the elements of plaintiff's claims. See Erica P. John Fund, Inc. v. Halliburton Co., 563 U.S. 804, 809 (2011). Plaintiff brings claims for breach of contract, unjust enrichment, and conversion. To state a claim for breach of contract under New Hampshire law, a plaintiff must show the existence of an enforceable contract, see Behrens v. S.P. Constr. Co., 153 N.H. 498, 501 (2006), and the defendant's failure to perform one or more of its obligations under the contract without legal excuse for its failure, see Audette v. Cummings, 165 N.H. 763, 767 (2013). A claim for unjust enrichment will lie only in the alternative to a breach of contract and requires that the defendant receive a benefit from the plaintiff which, notwithstanding the absence of a contractual agreement between the parties, would be unconscionable for the defendant to retain. See Clapp v. Goffstown Sch. Dist., 159 N.H. 206, 210 (2009). "Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to

control it that the actor may justly be required to pay the other the full value of the chattel." Muzzy v. Rockingham Cnty. Tr. Co., 113 N.H. 520, 523 (1973).  Here, plaintiff's theory of conversion appears to be that SNHU so interfered with class members' ownership interest in the campus experience—the requisite chattel—as to owe class members a duty to pay them the value of those services.  See doc. no. 13, ¶¶ 76-81.

The elements of plaintiff's claims are all likely susceptible of classwide proof. All class members are, by definition, current or former students at SNHU who paid tuition and other fees in the expectation of receiving in-person educational services. Due to class members' common status as current or former SNHU students, it is likely that all of them were parties to substantially similar contracts with SNHU (or in the alternative to circumstances giving rise to quasi-contractual obligations as alleged in the amended complaint).  All class members either performed their obligations under their contract with SNHU or otherwise conferred a benefit on SNHU by paying their tuition and fees, and SNHU either breached its contracts with all class members, improperly retained the benefit of their tuition and fee payments, or interfered with their ownership interest in the "campus experience" by canceling in-person classes for all class members during the spring 2020 semester. Common issues thus predominate in connection with the central issues of all three of the claims.  The court therefore will likely be able to find that the Rule 23(b)(3) predominance requirement is satisfied.

2.     Superiority

Under Rule 23(b)(3), the court must next consider whether class action is a "superior" method of resolving class members' dispute with the defendant, taking into account the several factors outlined above.  Fed. R. Civ. P. 23(b)(3).  The superiority requirement "ensures that litigation by class action will achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results."  In re Solodyn (Minocycline Hydrochloride) Antitrust Litig., Case No. CV 14-MD-02503, 2017 WL 4621777, at *21 (D. Mass. Oct. 16, 2017) (citation, internal quotation marks, and ellipsis omitted).  Typically, in considering superiority, the court compares the prospect of class resolution against the alternative of class members pursuing individual suits against the defendant.  See Rapuano, 334 F.R.D. at 653.

In light of the issues common to all class members discussed above, the proposed classwide settlement would achieve an efficient resolution of the class members' claims while avoiding unnecessary and duplicative litigation for all parties and the judicial system.  See id.  Moreover, plaintiff's lead counsel has represented that he is unaware of any pending individual actions by class members, see doc. no. 30-2, ¶ 17, so class action treatment would not undermine any ongoing individual suits.  For these reasons, the court will likely be able to find that class action treatment is superior to the available alternatives.

C.    Appointment of Class Counsel Under Rule 23(g)

In connection with class certification, the court must address appointment of class counsel under Federal Rule of Civil Procedure 23(g). The court considers the work plaintiff's chosen counsel has done so far in identifying and investigating class claims, counsel's class action and complex litigation experience, counsel's knowledge of the applicable law, and counsel's available resources for pursuing the litigation. See Fed. R. Civ. P. 23(g)(1)(A). In addition, counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

Here, counsel appears to have ably identified and investigated the potential claims at issue and has successfully negotiated resolution of the parties' dispute. Moreover, counsel has significant experience in litigating class actions and other complex matters and is familiar with the legal issues raised here. See doc. no. 30-2, ¶¶ 11, 18. The court expects that counsel will continue to devote appropriate resources to notifying absent class members of the proposed settlement and to fulfilling the class's obligations under the Agreement, and that counsel will continue to represent the class fairly and adequately. Accordingly, the court finds that plaintiff's counsel of record may properly serve as class counsel in this matter under Rule 23(g).

D.    Preliminary Certification of the Proposed Class and Appointment of Class Representative and Class Counsel

For the reasons discussed above, the court preliminarily certifies the proposed class for settlement purposes. The court provisionally appoints plaintiff Wright as

15

the settlement class representative, and her chosen counsel, Philip L. Fraietta of

Bursor & Fisher, P.A., as settlement class counsel in this matter.  In the event the

court ultimately denies final approval of the parties' proposed settlement

agreement, the court's preliminary certification of the class and provisional

appointments of class counsel and class representative shall be vacated.  See

Rapuano, 334 F.R.D. at 643.


III.     Preliminary Approval of the Proposed Settlement

At this preliminary stage of the approval process, the court must determine

whether it will "likely" be able to find that the proposed class action settlement is

"fair, adequate, and reasonable."  Fed. R. Civ. P. 23(e)(2); see also Rapuano, 334

F.R.D. at 654; City P'ship Co. v. Atl. Acquisition Ltd. P'ship, 100 F.3d 1041, 1043

(1st Cir. 1996).  In effect, the role of the court is to serve as a fiduciary for the absent

class members, and to protect them from an unjust or unfair settlement.  See In re

Lupron(R) Mktg. & Sales Pracs. Litig., 228 F.R.D. 75, 93 (D. Mass. 2005); see also

Amchem, 521 U.S. at 623.  There is a presumption that a negotiated settlement is

within the range of reasonableness "[w]hen sufficient discovery has been provided

and the parties have bargained at arms-length."  City P'ship, 100 F.3d at 1043.

The court notes, first, that the presumption of reasonableness applies here.

The record establishes that counsel for the parties negotiated the Agreement at

arm's length, at times with the assistance of an experienced and neutral mediator,

following a thorough investigation and mutual exchange of evidence.  See doc. no.

30-2, ¶¶ 4-8.

Moreover, review of the parties' Agreement establishes that the court will likely be able to make a final determination that its terms are fair, adequate, and reasonable.  Pursuant to the proposed settlement agreement, SNHU will pay $1,250,000 into a "Settlement Fund" to be held in escrow pending disbursement to class members.  According to the parties' representations, this amount represents approximately one third of the maximum possible damages class members may have suffered on plaintiff's view of the case, and a significantly larger proportion of maximum damages from SNHU's position.  Class members who do not elect to exclude themselves from the settlement will automatically receive a pro rata cash payment from the Settlement Fund as a percentage of the total amount of tuition and fees they paid to SNHU in connection with its spring 2020 semester, without needing to submit a claim form.  Such payment will equal each class member's pro rata share of the Settlement Fund, based on the total amount of tuition and fees paid by each class member.  Class members may select alternative means for receiving their payment from the Settlement Fund, but the default method will be a check mailed to their last known addresses.  As discussed in greater detail below, class members may exclude themselves from the settlement by sending a written request for exclusion to the person administering the settlement by a specified deadline.

The proposed payments to class members constitute provision of substantial relief to the settlement class without requiring class members to incur the risks,

burdens, costs, or delay associated with continued litigation, trial, and possible appeal. Thus, the settlement proposal appears fair, adequate, and reasonable at this preliminary stage of approval proceedings. The court therefore preliminarily approves the parties' proposed settlement, pending final approval following a fairness hearing as discussed below.

III.   Notice and Settlement Administration

    A.   Appointment of a Settlement Administrator

The parties' Agreement provides that certain administrative duties (including providing notice to absent class members, serving as an escrow agent for the Settlement Fund, disbursement of payments to class members, and other such matters) will be performed by a "Settlement Administrator." See Agreement (doc. no. 30-3), ¶ 1.28. Subject to the court's approval, the Agreement names JND Legal Administration as the parties' proposed Settlement Administrator. The court approves the appointment of JND Legal Administration as Settlement Administrator.

    B.   Notice to the Settlement Class Members

The Agreement contains a "Notice Plan." See Agreement (doc. no. 30-3), ¶¶ 4.1-4.2. Under the Notice Plan, the Settlement Administrator shall provide notice of the proposed settlement and its terms to the class members via email (in the form attached as Exhibit A to the Agreement) and First Class U.S. Mail (in the

form attached as Exhibit B to the Agreement).  The Settlement Administrator shall provide such notice by email not later than 21 days and by postal mail not later than 28 days after the court preliminarily approves the proposed settlement.  In addition, the Settlement Administrator shall, within 10 days after the court preliminarily approves the proposed settlement, post notice of the proposed settlement and its terms in the form attached as Exhibit C to the Agreement to an appropriately titled website.[3]  Such notice advises the class members of their rights under the proposed settlement agreement, including the right to be excluded from, comment upon, or object to the Agreement or any of its terms and the right to seek to quash disclosure of the amounts of their tuition and fee payments to the Settlement Administrator.

The court finds that the Notice Plan constitutes a reasonable manner of providing notice to those parties who would be bound by the terms of the proposed settlement agreement.  The Notice Plan thus satisfies the notice requirements of 23(e).  See Fed. R. Civ. P. 23(e)(1).  Accordingly, the court directs class counsel to cause the Settlement Administrator to provide notice to the class members in substantially the forms attached as Exhibits A, B, and C to the Agreement and to

---

[3] According to the parties' representations, at this time the Settlement Administrator has served the Attorney General of the United States, the Attorneys General of each U.S. State in which class members reside, and other government officials, with notice of the proposed settlement as required under the Class Action Fairness Act, 28 U.S.C. § 1715.

develop and maintain the settlement website as required under the Agreement's Notice Plan.[4]

C.   <u>Voluntary Exclusion of Potential Class Members from the Settlement Class</u>

The parties' Agreement provides that any persons falling within the definition of the settlement class may, upon request, voluntarily exclude themselves or "opt out" from the class.  <u>See</u> Agreement (doc. no. 30-3), ¶ 4.5.  To be effective, such a request must: (1) be made in writing; (2) include the person's name, address, and signature; (3) state the name and number of this case; (4) include a statement that the person wishes to be excluded from the settlement class for purposes of the proposed settlement; (5) be postmarked on or before the "Voluntary Exclusion Deadline" set forth below; and (6) be sent to the Settlement Administrator at the address provided in the notice sent to class members.  Any person falling within the definition of the settlement class who submits such a request shall not be bound by the parties' Agreement, shall receive no benefit from the Settlement Fund or otherwise from the parties' settlement, and shall not be bound by this court's orders or final judgment resolving the claims raised in this case.

---

[4]  The parties may, by mutual agreement, revise the Notice Forms attached as Exhibits A, B, and C to the Agreement to correct clerical errors or otherwise to update them for purposes of accuracy or formatting.

IV.    Final Approval Briefing Schedule and Fairness Hearing

A.    Fairness Hearing

The court will hold a fairness hearing on **July 29, 2021**, at **2:00 p.m.** to assist the court in determining whether to grant final approval of the proposed class action settlement.  At the hearing, the court will consider whether the proposed settlement is fair, reasonable, adequate, and otherwise compliant with the requirements of Rule 23(e).  The court will also consider class counsel's petition for attorney's fees and the class representative's petition for an incentive award.

B.    Voluntary Exclusion from the Class.

By not later than **June 3, 2021** (the "Voluntary Exclusion Deadline"), persons falling within the definition of the settlement class who wish to be excluded from the class for purposes of the proposed settlement must send their written requests for exclusion to the Settlement Administrator as discussed above.

C.    Attorney's Fees and Incentive Award Briefing Schedule

Class counsel shall file briefing in support of their petition for attorney's fees and costs and the class representative's petition for an incentive award by not later than **June 17, 2021**.  SNHU's optional responses to such petitions, if any are filed, shall be filed by not later than **July 8, 2021**.  Class counsel's optional replies to any such responses, if any are filed, shall be filed by not later than **July 15, 2021**.

D.   Briefing in Support of Final Approval

The parties may file briefing in support of final approval of the proposed settlement agreement by not later than **July 1, 2021**.

E.   Appearances by Class Members.

Class members who have not voluntarily excluded themselves from the settlement class will be represented by class counsel unless they elect to make an appearance in this action, either individually or through counsel of their choosing, at their own expense.  Any such appearance by class members who do not wish to be represented by class counsel shall be made by not later **July 8, 2021**.

F.   Objections to Proposed Settlement

Class members who have not voluntarily excluded themselves from the settlement class may object to the fairness, reasonableness, or adequacy of the proposed settlement agreement, to final judgment dismissing this action, or to the amount of any award of fees or costs to class counsel or any incentive award to the class representative.  Such objecting class members may offer their objections either on their own behalf or through counsel, at their own expense.

To be considered by the court, the court must receive such objections by not later than **July 15, 2021**.  Objections shall be mailed directly to the court addressed to "Jennifer Sackos, Case Manager for Chief Judge McCafferty, 55 Pleasant Street, Concord, New Hampshire 03301" with copies also sent to "Class Counsel Philip L. Fraietta of Bursor & Fisher, P.A., 888 Seventh Avenue, New York, NY 10019 and

Benjamin T. King, Douglas Leonard & Garvey PC, 14 South Street, Ste 5, Concord, NH 03301" and to "Defendant's Counsel Christopher Cole and John-Mart Turner of Sheehan Phinney Bass & Green PA, 1000 Elm Street, 17th Floor, Manchester, NH 03101, and Robert J. Burns, Holland & Knight, 195 Broadway, New York, NY 10007."

In either event, any such objection must: (1) be made in writing; (2) contain a caption or title that identifies it as "Objection to Class Settlement in <u>Wright v. Southern New Hampshire University</u>;" (3) include contact and address information for the objecting class member; (4) include documentation sufficient to establish the objecting person's standing as a settlement class member (such as, for example, the objecting person's tuition invoice for SNHU's spring 2020 semester); (5) state the facts and any legal grounds supporting the objection; (6) include the name and contact information of any attorneys representing, advising, or assisting the objecting person in connection with preparing the objection; (7) include a statement indicating whether the objecting person intends to appear at the fairness hearing (either personally or through counsel); and (8) otherwise comply in all respects with the objection procedures set forth in the notice provided to class members.  In the event any such objection is offered, counsel for the parties may petition the court for leave to conduct discovery to determine whether the objecting person is a member of the settlement class.  Any class member who fails to offer such a written objection, compliant in all respects with the objection procedures set forth in the notice provided to class members, shall be deemed to have waived any objections.

V.      Further Matters

        This Order is a "judicial order" within the meaning of the Family Educational

Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), and shall

constitute a sufficient basis to permit SNHU to provide the Settlement

Administrator with information regarding the tuition and fees paid by class

members to SNHU in connection with its spring 2020 semester (with a copy of such

information to class counsel, as provided in Section 4.1(a) of the Agreement).

        Class members shall be bound by this court's orders and final judgment in

this case.


                                   **CONCLUSION**

        For all the reasons discussed above, plaintiff's assented-to motion (doc. no. 30)

for preliminary approval of the parties' proposed class action settlement is granted.

Accordingly, the court preliminarily certifies the proposed class for settlement

purposes and provisionally appoints plaintiff Wright as the settlement class

representative and Bursor & Fisher, P.A., as class counsel, as discussed above.  In

addition, the court preliminarily approves the parties' proposed settlement

agreement and directs class counsel to cause the Settlement Administrator to

provide notice to all class members in accordance with the notice provisions of the

Agreement.

The court will hold a fairness hearing on **July 29, 2021** at **2:00 p.m.**  In addition, the court has set deadlines for briefing and other matters leading up to the fairness hearing as discussed above.

In light of the court's preliminary approval of the parties' proposed settlement, all pending motions are denied as moot, with leave to refile in the event the court denies final approval of the proposed settlement.

SO ORDERED.

Landya McCafferty
United States District Judge

April 26, 2021

cc:  Counsel of Record.

25